Houston, J.
This is a case of negligence for damages sustained from a slip and fall on the stairway leading to the Toll Booth Office Building located at exit 13 of the Massachusetts Turnpike. The defendant, the Massachusetts Turnpike Authority, moves for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the motion is DENIED.
BACKGROUND
Plaintiff Lisa M. Naclario was traveling eastbound on the Massachusetts Turnpike on January 5, 1993, when her vehicle became disabled. After bringing her vehicle to the side of the road, she walked over to a Toll Booth Office Building located just at the edge of the highway to seek assistance. As the plaintiff walked up the stairs to enter the building, she slipped and fell on what she later concluded was an accumulation of sand and gravel on the stairway. Plaintiff sustained injuries to her right ankle and left shoulder and was taken to Leonard Morse Hospital for treatment. Plaintiff then brought this action for negligence against the Massachusetts Turnpike Authority (“MTA”) to recover for her damages.
In March of 1993, plaintiff sent written notification of her intent to sue to the MTA. The MTA now contends in their motion for summary judgment that it is entitled to judgment in its favor because this notice was improperly given. MTA bases its argument on the notion that the plaintiffs injury occurred on a public way, and according to G.L.c. 84, sec. 18, the MTA was entitled to notice of the claim 30 days after the injury. The MTA claims that St. 1952, c. 354 sec. 15 defines “turnpike” to include the building where the accident occurred. Furthermore, the MTA argues that the word “turnpike,” when analyzed in conjunction with c. 84, defines a public way. Thus, defendant argues that the location where the accident occurred was part of a turnpike and therefore a public way. Plaintiff opposes this interpretation and contends that notice was not required within 30 days since the stairway where the accident occurred was not a public way.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at tried. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by ’’resting on its pleading and mere assertions of disputed facts..." LaLonde v. Eisenner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The court finds that the Toll Booth Office Building stairway as described in the case at bar is not a public way within the meaning of G.L.c. 84. The court finds that defendant’s argument misconstrues the meaning of public way, for it encompasses structures which the legislature did not intend to receive such protection. Therefore, since the plaintiff was not injured on a public way, the defendant is not entitled to the 30-day notice mandated by G.L.c. 84 sec 18. Because there remain genuine issues of material fact related to the defendant’s negligence, if any, the motion for summary judgment is DENIED.
ORDER
For the foregoing reasons, the court ORDERS that the defendant’s motion for summary judgment is DENIED.